T.C. Memo. 1998-28


UNITED STATES TAX COURT


RAYMOND E. ROTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21823-96.                    Filed January 22, 1998.



     Respondent moved under Rule 37(c), Tax Court Rules of
Practice and Procedure, that the undenied allegations in the
answer be deemed admitted.  Petitioner did not avail himself
of the opportunity to file a reply or otherwise object to
the motion.  We granted respondent's Rule 37(c) motion.
Respondent moved for judgment on the pleadings under Rule
120, Tax Court Rules of Practice and Procedure.

     <u>Held</u>:  Respondent's motion for judgment on the
pleadings is granted; decision will be entered for
respondent as to all the deficiencies and additions to tax
determined in the notices of deficiency.

Raymond E. Roth, pro se.

<u>Janet J. Johnson</u>, for respondent.

MEMORANDUM OPINION

CHABOT, Judge:  This matter is before us on respondent's motion for judgment on the pleadings under Rule 120.[1]  Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(f)[2] (fraud), 6654 (underpayment of estimated tax), and 6663 (fraud) against petitioner as follows:

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6651(f) | Sec. 6654 | Sec. 6663 |
|------|-----------|-------------|----------|----------|
| 1989 | $21,344 | $15,474 | $112 | -- |
| 1990 | 11,065 | -- | -- | $8,299 |
| 1991 | 6,882 | -- | -- | 5,162 |
| 1992 | 11,934 | 8,652 | 336 | -- |
| 1993 | 11,597 | [1]8,408 | 486 | -- |
| 1994 | 14,183 | 6,170 | 662 | -- |

---

[1]  The cover letter and schedule 1 of the notice of deficiency show this as a $8,408 addition to tax under sec. 6663.  Schedule 7 of the notice of deficiency shows this as a $8,408 addition to tax under sec. 6651(f).  The matter is clarified in respondent's answer as being under sec. 6651(f).  Petitioner has not raised any concern about this matter.  Taking into account the record as a whole, we hold that respondent determined that the $8,408 addition to tax for 1993 was under sec. 6651(f) and not under sec. 6663.  Bokum v. Commissioner, 94 T.C. 126, 127 n.2 (1990), affd. 992 F.2d 1132 (11th Cir. 1993);  Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137 (1960).

---

[1]     Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]     Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the years in issue.

The issues for decision are (1) whether there are any genuine issues as to material facts and, if there are no such issues, then (2) whether respondent is entitled to judgment as a matter of law on the deficiencies and additions to tax.

Background--Procedure

Petitioner invoked this Court's jurisdiction by filing a timely petition from the two notices of deficiency that embodied respondent's determinations described supra. Respondent filed an answer to the petition, including specific allegations with regard to the fraud determinations. Petitioner did not file a reply to this answer. Respondent filed a motion pursuant to Rule 37(c) that undenied allegations in the answer be deemed admitted. The Court issued an order to petitioner, advising him of the filing of respondent's motion under Rule 37(c) and directing petitioner to file a reply to respondent's answer within 20 days of the order. Petitioner failed to file a reply to respondent's answer or otherwise respond to the Court's order. Consequently, we granted respondent's Rule 37(c) motion, and the undenied allegations set forth in respondent's answer were deemed to be admitted. Gilday v. Commissioner, 62 T.C. 260, 261-262 (1974); see Gordon v. Commissioner, 73 T.C. 736, 739-740 (1980).

On May 20, 1997, the Court served the parties with notice of trial in St. Louis, Mo., the location designated by petitioner.

On August 22, 1997, respondent filed the instant motion for judgment on the pleadings. After several unsuccessful informal attempts to contact petitioner to arrange for a telephone conference to discuss the instant motion,[3] the Court struck the case from the October 27, 1997, St. Louis trial session and established a briefing schedule on the instant motion. Petitioner has not filed any brief or otherwise responded to the instant motion.

Our findings are based entirely on those matters that are admitted or deemed admitted in the pleadings.

Background--Facts

When the petition was filed in the instant case, petitioner resided in Belleville, Illinois.

During each of the years 1989, 1990, 1991, 1992, 1993, and 1994, petitioner was engaged in the business of publishing a magazine entitled "Southern Illinois Prep Sports" (hereinafter sometimes referred to as SIPS), featuring local high school athletes. Petitioner conducted this business as a sole proprietorship doing business as "Southern Illinois Prep Sports". In each of the years 1990, 1991, 1992, 1993, and 1994, petitioner published two editions of SIPS: a football issue in the fall and

---

[3] At some point after the notice of trial was served and before respondent filed the instant motion for judgment on the pleadings, petitioner apparently moved from the address listed in the petition. Petitioner has not communicated with the Court, formally or informally, since then.

a basketball issue in the winter.  In 1989, he published three editions--fall, winter, and spring.

During the period 1989, through 1994, petitioner sold advertising in SIPS to local businesses at the following rates: $55 for a business card-sized advertisement; $85 for one-sixth page; $120 for one-quarter page; $200 for one-half page; and $360 for a full page.

During 1990 and 1991, petitioner derived revenue in the amounts of $50,710 and $44,125, respectively, from selling advertising in SIPS.  Of the amounts so derived, $25,140 and $20,895 were not reported on petitioner's income tax returns for 1990 and 1991, respectively.  Petitioner understated his taxable income on his tax returns for 1990 and 1991 in the amounts of $30,385 and $26,670, respectively.  Petitioner understated his income tax liabilities on his tax returns for 1990 and 1991 in the amounts of $11,065 and $6,882, respectively.

Petitioner did not file income tax returns for 1989, 1992, 1993, and 1994.  During 1989, 1992, 1993, and 1994, petitioner derived revenue in the amounts of $77,175, $52,485, $53,575, and $59,780, respectively, from selling advertising in SIPS. Petitioner failed to report taxable income for 1989, 1992, 1993, and 1994, in the amounts of $57,505, $31,885, $30,477, and $36,551, respectively.  As a result of not filing income tax returns for 1989, 1992, 1993, and 1994, petitioner understated

his income tax liabilities for those years in the amounts of $21,344, $11,934, $11,597, and $14,183, respectively.

Petitioner failed to produce any records or other information with respect to these sales of advertising, to respondent in connection with the examination of his tax returns for 1990 and 1991, and in connection with the examination of petitioner's 1989, 1992, 1993, and 1994 income tax liabilities.

Discussion

(1) Judgment on the pleadings

A motion for judgment on the pleadings will be granted only if the pleadings do not raise a genuine issue as to a material fact and the moving party is entitled to a judgment as a matter of law. DuPont v. Commissioner, 74 T.C. 498, 504 (1980); Anthony v. Commissioner, 66 T.C. 367, 368, (1976), affd. without published opinion 566 F.2d 1168 (3d Cir. 1977).

(2) Genuine issue as to material fact

In the instant case, there are no genuine issues as to the material facts found supra, under Background--Facts, these matters having been deemed admitted by order of the Court.

Petitioner is deemed to have admitted that he understated his tax liabilities by specified amounts for each of the 6 years in issue. This "bottom line" admission eliminates any need to consider matters which might otherwise affect tax liability, such as deductions, credits, or tax filing status.

Because petitioner has failed to plead that any addition to tax should be reduced on account of prepayment credits, or that any fraud addition to tax should be reduced on account of some part of the underpayment's not being due to fraud, or that any addition to tax should be reduced on account of any matter other than the amount of the underpayment, there are no genuine issues as to material facts affecting the amounts of any additions to tax.

(3) Judgment as a matter of law

Respondent is entitled to judgment as a matter of law with respect to the deficiencies and the additions to tax under section 6654.

As to the fraud additions to tax, in order to carry the burden of proof for a year, respondent must prove two elements, as follows: (1) That petitioner has an underpayment of tax for that year, and (2) that some part of that underpayment is due to fraud. Sec. 7454(a); Rule 142(b); e.g., Carter v. Campbell, 264 F.2d 930, 936 (5th Cir. 1959); Stone v. Commissioner, 56 T.C. 213, 220 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105, 106 (1969). Each of these elements must be proven by clear and convincing evidence. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Parks v. Commissioner, 94 T.C. 654, 663-664 (1990); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983).

For this purpose, respondent need not prove the precise amount of the underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274. In carrying this burden, respondent may not rely on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiencies. E.g., Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989); Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982), and cases cited therein.

Where fraud is determined for each of several years, respondent's burden applies separately for each of the years. Drieborg v. Commissioner, 225 F.2d 216, 219-220 (6th Cir. 1955), affg. in part and revg. in part a Memorandum Opinion of this Court dated Feb. 24, 1954; Estate of Stein v. Commissioner, 25 T.C. 940, 959-963 (1956), affd. sub nom. Levine v. Commissioner, 250 F.2d 798 (2d Cir. 1958). A mere understatement of income does not establish fraud. However, a pattern of consistent underreporting of income for a number of years is strong evidence of fraud. Estate of Mazzoni v. Commissioner, 451 F.2d 197, 202 (3d Cir. 1971), affg. T.C. Memos. 1970-144 and 1970-37; Adler v. Commissioner, 422 F.2d 63, 66 (6th Cir. 1970), affg. T.C. Memo. 1968-100; Otsuki v. Commissioner, 53 T.C. at 108.

The issue of fraud poses a factual question that is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner, 465 F.2d at 303; Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner, 56 T.C. at 224.

In order to establish fraud as to petitioner, respondent must show that petitioner intended to evade taxes, which he knew or believed were owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. E.g., Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Danenberg v. Commissioner, 73 T.C. 370, 393 (1979); McGee v. Commissioner, 61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). This intent may be inferred from circumstantial evidence, Powell v. Granquist, 252 F.2d at 61; Gajewski v. Commissioner, 67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978), including the implausibility of petitioner's explanations, Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986) (and cases therein cited), affg. T.C. Memo. 1984-601; Boyett v. Commissioner, 204 F.2d 205, 208 (5th Cir. 1953), affg. a Memorandum Opinion of this Court dated Mar. 14, 1951.

Respondent has proven by clear and convincing evidence that there was an underpayment of tax for each of the years in issue.

Respondent has proven by clear and convincing evidence that for 6 consecutive years petitioner received advertising revenue in amounts ranging from $44,125 to $77,175 per year, and averaging more than $56,000 per year. For 4 of these years petitioner omitted all of these receipts, for the other 2 years petitioner omitted about half of these receipts. For these 6 years petitioner omitted taxable income in amounts ranging from $26,670 to $57,505 per year, and averaging more than $35,000 per year. This pattern of consistent underreporting of income is strong evidence of fraudulent omissions of income, which resulted in underpayments of tax for each of the 6 years in issue.

When the foregoing is combined with petitioner's failure to produce to respondent any records or other information with respect to sales of advertising, in connection with respondent's examination of petitioner's income tax liabilities for the 6 years in issue, we conclude that respondent has proven by clear and convincing evidence that a part or all of the underpayment for each of the years in issue is due to petitioner's fraud.

Petitioner has not alleged in the pleadings that any part of the deficiency for any of the years in issue is not due to fraud.

We hold that respondent's motion for judgment on the pleadings should be granted as to both the determined deficiencies and the additions to tax under sections 6651(f), 6654, and 6663. To reflect this,

An appropriate order granting respondent's motion for judgment on the pleadings will be issued; decision will be entered for respondent.