T.C. Memo. 2004-49

UNITED STATES TAX COURT

DONALD R. COOLEY AND CATHY A. COOLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7464-00, 9452-00L.[1]    Filed March 5, 2004.

Donald R. Cooley and Cathy A. Cooley, pro sese.

<u>Kevin M. Brown</u>, <u>Martin B. Kaye</u>, <u>Michael W. Bitner</u>, and <u>James
A. Kutten</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Chief Judge</u>:  In the case at docket No. 7464-00,
respondent determined deficiencies and penalties in income taxes
as follows:

---

[1]These cases are consolidated for trial, briefing, and
opinion.

Liability of Donald R. Cooley

| Year | Deficiency | Sec. 6663(a) Penalties |
|------|-----------|------------------------|
| 1989 | $2,982.63 | $24,584.96 |
| 1990 | 2,617.74 | 28,705.73 |
| 1991 | 171.92 | 14,035.44 |
| 1992 | -0- | 21,045.16 |
| 1993 | 3,007.91 | 18,888.44 |

Liability of Cathy A. Cooley

| Year | Deficiency | Sec. 6663(a) Penalties |
|------|-----------|------------------------|
| 1989 | $2,982.63 | -0- |
| 1990 | 2,617.74 | -0- |
| 1991 | 171.92 | -0- |
| 1992 | -0- | -0- |
| 1993 | 3,007.91 | -0- |

After concessions, the remaining issue to be decided in docket No. 7464-00 is whether petitioner Donald R. Cooley (hereinafter referred to individually as petitioner) is liable for section 6663(a) penalties for fraud with respect to his 1989, 1990, 1991, 1992, and 1993 taxable years. Respondent did not determine section 6663(a) penalties against petitioner Cathy A. Cooley. In the case at docket No. 9452-00L, we must decide whether respondent's determination to proceed with the collection of Federal income taxes assessed against petitioners for their 1989, 1990, 1991, 1992, 1993, and 1996 taxable years was appropriate. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

The parties submitted the instant case, fully stipulated, without trial, pursuant to Rule 122. The parties' stipulations of fact are hereby incorporated by this reference and are found as facts in the instant case.

Petitioners are husband and wife, filed joint Federal income tax returns for their 1989, 1990, 1991, 1992, and 1993 taxable years, and were residents of Springfield, Missouri, when they filed their petitions. During the years in issue, petitioner was a self-employed criminal defense lawyer. Prior to private practice, petitioner served as an Assistant United States Attorney. Petitioner maintained the records for both his personal and law firm accounts. Petitioners employed the cash method of accounting in determining the income and expenses reported on their joint Federal income tax returns for the years in issue.

Petitioners filed original and amended Federal individual income tax returns, Forms 1040 and 1040X, as follows:

| Year | Description | Date Filed |
|------|-------------|-----------|
| 1989 | Tax return | 4/15/1990 |
| 1989 | 1st amended return | 1/30/1995 |
| 1989 | 2nd amended return | 2/15/1995 |
| 1989 | 3rd amended return | 7/22/1996 |
| 1990 | Tax return | 4/15/1991 |
| 1990 | 1st amended return | 8/8/1994 |
| 1990 | 2nd amended return | 1/24/1995 |
| 1990 | 3rd amended return | 7/22/1996 |

| 1991 | Tax return | 4/15/1992 |
| 1991 | 1st amended return | 7/8/1994 |
| 1991 | 2nd amended return | 1/23/1995 |
| 1991 | 3rd amended return | 7/22/1996 |
| | | |
| 1992 | Tax return | 4/15/1993 |
| 1992 | 1st amended return | 7/8/1994 |
| 1992 | 2nd amended return | 2/2/1995 |
| 1992 | 3rd amended return | 7/22/1996 |
| | | |
| 1993 | Tax return | 4/15/1994 |
| 1993 | 1st amended return | 7/11/1994 |
| 1993 | 2nd amended return | 2/1/1995 |
| 1993 | 3rd amended return | 7/22/1996 |

Petitioners reported their total income and Schedule C gross receipts on their tax returns for the years in issue, as follows:

| Year | Total Income | Schedule C Gross Receipts[1] |
| --- | --- | --- |
| 1989 Tax return | $87,508.67 | $146,865.99 |
| 1st amended return | 168,578.07 | 206,576.31 |
| 2nd amended return | 173,691.86 | 212,534.90 |
| 3rd amended return | 186,846.86 | -0- |
| | | |
| 1990 Tax return | 77,398.10 | 160,472.48 |
| 1st amended return | 159,052.72 | 201,668.98 |
| 2nd amended return | 176,100.86 | -0- |
| 3rd amended return | 197,600.86 | -0- |
| | | |
| 1991 Tax return | 49,747.09 | 98,469.85 |
| 1st amended return | 92,458.05 | 119,761.49 |
| 2nd amended return | 92,997.98 | -0- |
| 3rd amended return | 114,947.98 | -0- |

[1]For the entries marked "-0-", petitioners did not attach a separate Schedule C to the amended return.

| | | |
|---|---|---|
| 1992 Tax return | 62,042.31 | 114,996.02 |
| 1st amended return | 134,320.67 | 158,193.84 |
| 2nd amended return | 142,882.18 | -0- |
| 3rd amended return | 162,232.18 | -0- |
| | | |
| 1993 Tax return | 80,189.01 | 133,856.54 |
| 1st amended return | 120,617.78 | 169,580.03 |
| 2nd amended return | 126,808.73 | -0- |
| 3rd amended return | 150,708.73 | -0- |

Petitioners reported expenses from petitioner's law practice, as follows:

| Year | Schedule C Expense[1] |
|---|---|
| 1989 Tax return | $68,300.46 |
| 1st amended return | 46,941.38 |
| 2nd amended return | 47,961.27 |
| 3rd amended return | -0- |
| | |
| 1990 Tax return | 92,195.19 |
| 1st amended return | 52,797.01 |
| 2nd amended return | -0- |
| 3rd amended return | -0- |
| | |
| 1991 Tax return | 54,033.76 |
| 1st amended return | 34,967.03 |
| 2nd amended return | -0- |
| 3rd amended return | -0- |
| | |
| 1992 Tax return | 58,116.57 |
| 1st amended return | 34,846.96 |
| 2nd amended return | -0- |
| 3rd amended return | -0- |
| | |
| 1993 Tax return | 60,627.80 |
| 1st amended return | 44,071.96 |
| 2nd amended return | -0- |
| 3rd amended return | -0- |

[1]For the entries marked "-0-", petitioners did not attach a separate Schedule C to the amended return.

Petitioners' Federal income tax returns for 1989, 1990, 1991, 1992, and 1993 understated net income from petitioner's law

practice by overstating business expenses. Petitioner's understatements of net income due to overstated business expenses were $20,339.19 for taxable year 1989, $39,398.18 for taxable year 1990, $19,066.73 for taxable year 1991, $23,269.61 for taxable year 1992, and $16,555.64 for taxable year 1993.

Petitioners' original 1989 Federal income tax return reported a tax of $18,473.30. In their final amended 1989 Federal income tax return, petitioners reported that their total tax liability was $53,270.62 of which $51,913.76 had been paid and $1,356.86 was still due. Petitioners' original 1990 Federal income tax return reported a tax of $16,937.90. In their final amended 1990 Federal income tax return, petitioners reported that their total tax liability was $52,594.07 of which $47,564.02 had been paid and $5,030.05 was still due. Petitioners' original 1991 Federal income tax return reported a tax due of $8,607.61. In their final amended 1991 Federal income tax return, petitioners reported that their total tax liability was $26,959.52 of which $20,513.52 had been paid and $6,446 was still due. Petitioners' original 1992 Federal income tax return reported a tax due of $11,895.81. In their final amended 1992 return, petitioners reported that their total tax liability was $42,715.22 of which $36,715.80 had been paid and $5,999.42 was still due. Petitioners' original 1993 Federal income tax return reported a tax due of $14,210.40. In their final amended 1993

tax return, petitioner reported that their total tax liability was $38,072.22 of which $30,897.80 had been paid and $7,184.42 was still due.

On January 21, 1997, the United States Department of Justice (Department of Justice) filed an information against petitioner in the United States District Court for the Western District of Missouri, alleging that he was guilty of one count of an attempt to evade or defeat tax, pursuant to section 7201. The information alleged:

> That on or about the 15th day of April, 1991, in the Western District of Missouri, DONALD R. COOLEY, a resident of Springfield, Missouri, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 1990, by filing and causing to be filed with the Director, the Internal Revenue Service Center, at Kansas City, Missouri, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, wherein he stated that his taxable income for the calendar year 1990, was the sum of $47,520.36, and that the amount of tax due and owing thereon was the sum of $16,937.90, whereas, as he then and there well knew and believed, his taxable income for said calendar year was the sum of $167,723.12, upon which said taxable income there was owing to the United States of America an income tax of $55,058.43.
>
> In violation of Title 26, United States Code, Section 7201.

On January 21, 1997, petitioner, represented by James R. Hobbs, Esq., entered into a plea agreement (plea agreement) with the Department of Justice, pleading guilty to a one count information of an attempt to evade or defeat tax in violation of section 7201. In section A-3 of the plea agreement, petitioner

acknowledged that for his 1990 tax year, he attempted to evade or defeat a tax, that additional taxes were due and owing, and that his actions were willful.  In section A-7, as part of the plea agreement, the Department of Justice agreed not to charge petitioner with any other Federal criminal offenses relating to his 1988 through 1994 taxable years.  Moreover, in section A-9 of the plea agreement, petitioner agreed to:

> pay all taxes, interest and penalties found to be lawfully owed and due to the Internal Revenue Service for the years 1987 through and including 1995, and to cooperate with, and provide to, the Internal Revenue Service, any documentation necessary for a correct computation of all taxes due and owing for those years, and further agrees that the Court may make this term a condition of any sentence of probation or supervised release.

Section B-7 of the plea agreement provided:

> The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty, and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel.

Section B-8 of the plea agreement provided:

> Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those facts beyond a reasonable doubt.

On April 30, 1997, Judge Fernando J. Gaitan, Jr., of the United States District Court, Western District of Missouri, entered a judgment against petitioner pursuant to section 7201,

and sentenced him to 4 months' incarceration at the Alpha House, a halfway house located in Springfield, Missouri, followed by 2 years of supervised release.

On April 4, 2000, petitioners received their notice of deficiency for their 1989, 1990, 1991, 1992, and 1993 taxable years.

On June 27, 1999, respondent issued a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, for petitioners' 1989, 1990, 1992, 1993, and 1996 taxable years.  The account summary of the final notice indicated that respondent was trying to collect the following amounts:

| Year | Assessed Balance[1] | Statutory Additions | Total |
|------|------|------|------|
| 1989 | $9,664.88 | $0.00 | $ 9,664.88 |
| 1990 | 8,129.85 | 1,895.48 | 10,025.33 |
| 1992 | 1,968.42 | 396.69 | 2,365.11 |
| 1993 | 0.00 | 2,016.71 | 2,016.71 |
| 1996 | 2,203.02 | 332.19 | 2,535.21 |

[1]The assessed balances for 1989, 1990, 1992, and 1993 consists entirely of accrued interest.  The assessed balance for 1996 includes some of the original tax liability, penalties, and interest.

On July 23, 1999, petitioners filed a Request for a Collection Due Process Hearing (request), for their 1989, 1990, 1992, 1993, and 1996 taxable years.  In their request petitioners contended: "The tax liability figures are still incorrect based on inaccurate figuring of tax amounts paid and failure to credit excess tax payments towards amounts owed on other tax years."  Petitioners also raised a section 6015 defense with respect to

petitioner Cathy A. Cooley's tax liabilities.

On March 9, 2000, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to A Hearing, for their 1991 taxable year. The account summary in the final notice indicated that respondent was trying to collect an assessed balance of $2,493.93 and additional penalties and interest of $1,084.03 for a total of $3,577.96.

On March 23, 2000, petitioners filed a Request for a Collection Due Process Hearing, relating to the final notice for their 1991 taxable year. In a letter attached to their request for a section 6330 hearing, petitioners contended that the period of limitations under section 6501(a) had expired, that respondent had not issued them a notice of deficiency, and that the amount of their tax liability had not been determined.

On July 5, 2000, petitioners petitioned this Court with respect to the April 4, 2000, notice of deficiency. That case was filed as docket No. 7464-00.

On August 8, 2000, petitioners were sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for their 1989, 1990, 1992, 1993, and 1996 taxable years. The notice of determination provided: "Our decision is that the proposed levy action on 1989, 1990, 1992, 1993, and 1996 was appropriate." The notice of determination further indicated that "These outstanding balances owed are from your voluntarily

filed tax returns Form 1040 and Form 1040X."  Additionally, the

notice of determination indicated that:  "The Service has already

considered and issued a separate determination letter on the

Innocent Spouse issue."

Attachment 3193, attached to the notice of determination,

provided:

**Issues Relating to the Unpaid Liabilities:**

The unpaid liabilities shown on the Notice of Intent to
Levy (L-1058/LT-11) dated 06/27/1999 are from
voluntarily filed original tax returns, Form 1040, or
amended returns, Form 1040X.

- Review of your account for the years 1989, 1990, 1992,
  and 1993 shows that the outstanding balances owed were
  for accrued interest on your amended returns.
- Review of your account for the 1996 year shows that the
  outstanding balance owed included some of your original
  tax liability, penalty, and accrued interest.

*    *    *    *    *    *    *

The Notice of Intent to Levy dated 6/27/1999 did not
include and [sic] amounts from the pending audit
adjustments for 1989, 1990, 1992, or 1993.  The
proposed audit adjustments were considered separately
by the Appeals office.  A separate Statutory Notice of
Deficiency was issued by the Appeals Office on April 4,
2000, and gave you the right to petition to the Tax
Court.  Those issues are not part of this Collection
Due Process Hearing.  Your claim for Innocent Spouse
relief has also been considered separately by the
Appeals Office and a separate determination letter was
issued.  That issue is not part of this Collection Due
Process hearing.

Respondent's Appeals officer issued a statement in support

of the notice of determination for petitioners' 1989, 1990, 1992,

1993, and 1996 taxable years.  The history of account section of the Appeals officer's supporting statement said:  the "IDRS shows that these CDP account balances are for outstanding balances owed on their voluntarily filed original and amended returns. Generally, the taxpayer full [sic] paid the tax, but has not paid the interest."  Section three of the Appeals officer's supporting statement provided:

> **Balancing the Need for Efficient Collection with Any Legitimate Concern that the Proposed Collection Action is more Intrusive than Necessary**:
>
> The representative states that the taxpayer is not in agreement with the final amended return filed on each period.  It was only a protective action taken by the taxpayer.  The taxpayer is pursuing that action to contest that - including it in his petition to the Tax Court on the unassessed audit adjustments and also pursuing interest abatement.
>
> The representative has reviewed transcripts of the taxpayer's account and matched their payments - they have no argument with any payments.

On August 8, 2000, respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Determination), for petitioners' 1991 taxable year, which determined that the tax liabilities reported in the final notice for 1991 were appropriate.  The notice of determination provided:

> **<u>Summary of Determination:</u>**
>
>      *     *     *     *     *     *     *
>
> The outstanding balance owed and shown on the L-1058 dated 03/09/2000 was based on assessments from your

voluntarily filed tax returns Form 1040 and Form 1040X.
The balance included accrued interest.
                *    *    *    *    *    *    *

You raised the issue that no notice of deficiency had
been issued.  However, the outstanding balance owed as
shown in the L-1058 dated 03/09/2000 was based on your
voluntarily filed original and amended tax returns.

You raised the issue that the amount due had not been
determined.  However, the outstanding balance owed as
shown in the L-1058 dated 03/09/2000 was based on your
voluntarily filed original and amended tax returns.

The Service has already considered and issued a
separate determination letter on the Innocent Spouse
issue.

Attachment 3193, attached to the notice of determination for

1991, provided:

**Issue Relating to the Unpaid Liabilities:**

You raised the issue "whether the statute of
limitations under IRC 6501(a) had expired prior to the
assessment".

While the three year statute had expired, two of the amended
returns you had filed for 1991 had not yet been processed by
the Service.

The Service determined that those amended returns could be
processed since tax may be assessed at any time under IRC
sec. 6501(c).

You raised the issue that "no notice of deficiency had been
issued".

The unpaid liability shown on Notice of Intent to Levy (L-
1058) dated 03/09/2000 was from your voluntarily filed tax
returns, Form 1040 or Form 1040X.

The Notice of Intent to Levy dated 03/09/2000 did not
include amounts from the proposed audit adjustments for 1991
- since that assessment had not been made.  You had
exercised your appeal rights and the proposed audit
adjustments were considered separately by the Appeals
office.  A separate Statutory Notice of Deficiency was

issued by the Appeals Office on April 4, 2000, and gave you the right to petition to the Tax Court.  Those issues are not part of this Collection Due Process hearing.

You raised the issue that "the amount due had not been determined".

The unpaid tax liability shown on the Notice of Intent to Levy (L-1058) dated 03/09/2000 was from your voluntarily filed tax returns, Form 1040 or 1040X.

Review of your account for 1991 shows that the outstanding balance owed was for accrued interest on your amended return.

Your claim for Innocent Spouse relief has also been considered separately by the Appeals Office and a separate determination letter was issued.  The Innocent Spouse determination is not part of this Collection Due Process hearing.

Respondent's Appeals officer issued a statement in support of the 1991 notice of determination.  The 1991 Appeals officer's supporting statement said:  "IDRS shows that these CDP account balances are for outstanding balances owed on their voluntarily filed original and amended returns.  Generally, the taxpayer full paid the tax but has not paid the interest."  Moreover, the Appeals officer's supporting statement responded to petitioners' assertion that no notice of deficiency for 1991 had been issued:

**2. Relevant Issues Presented by the Taxpayer**

            *    *    *    *    *    *    *

The CDP Appeals officer reviewed the IDRS transcripts. The outstanding balance owed and shown on L-1058 that was issued by COLLECTION on 03/09/2000 is from interest assessed and accrued on the voluntarily filed original and amended returns.

The CDP Appeals Officer informed the representative that the proposed audit adjustments shown in the

Statutory Notice of Deficiency issued on April 4, 2000, are not part of this balance owed. This balance owed shown on the L-1058 was as of 03/09/2000 and was from the taxpayers' voluntarily filed original and amended returns that had been processed by the Service.

As to petitioners' contention that the amount due had not been determined, the Appeals officer said: "The amount due, as shown on the L-1058 dated 03/09/2000, had been determined from their voluntarily filed original and amended returns."

On July 5, 2000, after receiving the notice of deficiency, petitioners filed a petition in this Court which was filed as docket No. 7464-00. In their petition, petitioners contended:

The tax assessed by the Internal Revenue Service is incorrect and overstated. Taxpayer believes that the records generated by the investigation of the Internal Revenue Service would reveal that said assessment is premised upon an overstatement of income in taxpayers amended returns. Further, taxpayer does not believe that the civil penalties assessed him under IRC Section 6663(a) are applicable to all of the additional reported income in the years proposed.

On September 7, 2000, after receiving the notices of determination, petitioners filed a petition in this Court, which was filed as docket No. 9452-00L. In their petition, petitioners contended: "The [taxpayers] have petitioned the [T]ax [C]ourt for the above listed tax years to determine the correct tax liability, IRS has examined the years in question. Prior to the start of collection action, the correct liability should be determined."

## Discussion

### The Deficiency Case at Docket No. 7464-00

The only issue we must decide in the case at docket No. 7464-00[2] is whether petitioner is liable for penalties for fraud under section 6663(a)[3] for the taxable years in issue.[4]

---

[2]Petitioners contend on brief that certain alleged overpayments and credits should be applied against the income tax deficiencies in the case at docket No. 7464-00. Petitioners do not otherwise challenge the income tax deficiencies determined by respondent in the case at docket No. 7464-00. We shall address those contentions in the case at docket No. 9452-00L. In the petition for the case at docket No. 7464-00, petitioners alleged that "said assessment is premised upon an overstatement of income in taxpayers amended returns." Petitioners contend on brief that certain alleged overpayments should be applied against the income tax deficiencies in the case at docket No. 7464-00, including the deficiency of $2,982.63 in 1989, $2,617.74 in 1990, $171.92 in 1991, and $3,007.91 in 1993. Those deficiencies are distinct from the sec. 6663(a) fraud penalties for petitioner's 1989, 1990, 1991, 1992, and 1993 tax years.

[3]Sec. 6663 provides:

SEC. 6663. IMPOSITION OF FRAUD PENALTY

(a) Imposition of Penalty.–If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

(b) Determination of Portion Attributable to Fraud.–If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud.

(c) Special Rule for Joint Returns.--In the case of a joint return, this section shall not apply with respect to a spouse unless some part of the underpayment is due to the
(continued...)

Respondent has the burden of proving by clear and convincing evidence that petitioner (1) underpaid his tax each year in issue, and (2) that some part of his underpayment was due to fraud. Sec. 6663(a); see Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

Regarding whether an underpayment of tax exists for the years in issue, petitioners stipulated that they understated taxable income from petitioner's law practice by overstating business expenses for his 1989, 1990, 1991, 1992, and 1993 taxable years. Indeed, for the years in issue, petitioners' final amended returns reported far more tax than reported on their original returns.

Each amended Federal income tax return which reports more income than the originally filed return is an admission of underpayment of tax on the original return. See Badaracco v. Commissioner, 464 U.S. 386, 399 (1984); Delvecchio v. Commissioner, T.C. Memo. 2001-130; see also Tandon v. Commissioner, T.C. Memo. 1998-66; Kalo v. Commissioner, T.C.

[3](...continued)
fraud of such spouse.

[4]The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1503(a), 100 Stat. 2085, 2742, amended sec. 6653(b) to increase the addition to tax for fraud from 50 percent to 75 percent. The Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721, 103 Stat. 2395, removed the addition to tax for fraud from sec. 6653(b) and replaced it with sec. 6663. We note that petitioner's 1989 Federal income tax was due after the effective date of sec. 6663(a), Dec. 31, 1989, and therefore all calculations are made pursuant to sec. 6663(a).

Memo. 1996-482, affd. without published opinion 149 F.3d 1183 (6th Cir. 1998); Katerelos v. Commissioner, T.C. Memo. 1996-340. Petitioner's amended returns, for the years in issue, are admissions of underpayments because the amended returns reported far more income than reported on the original returns.

We next decide whether petitioner's underpayments of tax for the years in issue were due to fraud, which is a question of fact that must be considered based on an examination of the entire record and petitioner's entire course of conduct. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); Recklitis v. Commissioner, 91 T.C. 874, 910 (1988); see also Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraud is never presumed and must be established by independent evidence of fraudulent intent. See Petzoldt v. Commissioner, supra at 699; Recklitis v. Commissioner, supra at 910. Fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the facts because direct evidence is rarely available. Delvecchio v. Commissioner, supra; see DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992); see also Petzoldt v. Commissioner, supra at 699.

Circumstantial evidence that may give rise to a finding of fraud includes: (1) Understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) providing implausible or inconsistent explanations of behavior; (5) concealment of assets; (6) failure to cooperate with taxing

authorities; (7) filing false Forms W-4, Employee's Withholding Allowance Certificate; (8) failure to make estimated tax payments; (9) dealing in cash; (10) engaging in illegal activity; (11) attempting to conceal illegal activity; (12) engaging in a pattern of behavior that indicates an intent to mislead; and (13) filing false documents. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; see Christians v. Commissioner, T.C. Memo. 2003-130; see also Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992). These "badges of fraud" are not exclusive. Niedringhaus v. Commissioner, supra at 211; see Miller v. Commissioner, 94 T.C. 316, 334 (1990). Additionally, the taxpayer's background may be examined to establish fraud. Spies v. United States, 317 U.S. 492, 497 (1943); Niedringhaus v. Commissioner; supra at 211; Walters v. Commissioner, T.C. Memo. 1995-543.

A consistent pattern of understating large amounts of income may be strong evidence of fraud. Camien v. Commissioner, 420 F.2d 283, 287 (8th Cir. 1970), affg. T.C. Memo. 1968-12; see Delvecchio v. Commissioner, supra (citing Holland v. United States, 348 U.S. 121, 137 (1954)); see also Roth v. Commissioner, T.C. Memo. 1998-28; Williams v. Commissioner, T.C. Memo. 1992-153 ("petitioner has consistently and substantially understated his income, a fact that even, 'standing alone, is persuasive evidence of fraudulent intent to evade taxes.'" (quoting Estate of Beck v. Commissioner, 56 T.C. 297, 364 (1971)), affd. 999 F.2d 760 (4th

Cir. 1993); <u>Hughes v. Commissioner</u>, T.C. Memo. 1994-139 (citing <u>Rogers v. Commissioner</u>, 111 F.2d 987, 989 (6th Cir. 1940), affg. 38 B.T.A. 16 (1938)).  It has been held that discrepancies of 100 percent or more between the correct net income and the reported net income for 3 successive years provide strong evidence of fraudulent intent.  <u>Hargis v. Godwin</u>, 221 F.2d 486, 490 (8th Cir. 1955); see <u>Rogers v. Commissioner</u>, <u>supra</u> at 989; see also <u>Williams v. Commissioner</u>, <u>supra</u>; <u>Adams v. Commissioner</u>, T.C. Memo. 1979-305.  Moreover, fraudulent understatement of income may be established by overstatement of Schedule C expenses. <u>Drobny v. Commissioner</u>, 86 T.C. 1326, 1349 (1986); see <u>Clark v. Commissioner</u>, T.C. Memo. 1991-313; see also <u>Buchbinder v. Commissioner</u>, T.C. Memo. 1986-485.

Petitioners originally reported petitioner's taxable income for his 1989, 1990, 1991, 1992, and 1993 taxable years, respectively as $87,508.67, $77,398.10, $49,747.09, $62,042.31, and $80,189.01.  On their final amended returns for petitioners' 1989, 1990, 1991, 1992, and 1993 taxable years, respectively, petitioners reported petitioner's taxable income as $186,846.86, $197,600.86, $114,947.98, $162,232.18, and $150,708.73. Petitioners' returns understated petitioner's taxable income for his 1989, 1990, 1991, 1992, and 1993 taxable years, respectively, by $99,338.19, $120,202.76, $65,200.89, $100,189.87, and $70,519.72.  The discrepancies for the years in issue were 114

percent,[5] 155 percent, 131 percent, 161 percent, and 88 percent, respectively.[6] We conclude from the foregoing understatements of income that petitioner engaged in a pattern of consistently understating his gross receipts and overstating his business expenses for the years in issue and that petitioner's consistent pattern of substantially understating income is a strong indicator of fraud.

Petitioner failed to maintain adequate records, although he indicated that he maintained his own records for both his business and personal accounts. In their amended Federal income tax returns, petitioners admitted that petitioner kept inadequate records which resulted in understatements of income.[7] Cf. Badarraco v. Commissioner, 464 U.S. 386 (1984). Petitioner claimed that the understatements during the years in issue were due to: Inaccurate calculations of income, some of which were from a trust account, double counting and miscalculating deductions, and failure to properly account for certain stock transfers. We conclude that the admissions on petitioners'

---

[5]Rounding to the nearest percentage point.

[6]These percentages are calculated by taking the excess of the income reported on the final amended return over the income reported on the original return, and dividing that amount by the amount reported on the original return. See, e.g., Williams v. Commissioner, T.C. Memo. 1992-153, affd. 999 F.2d 760 (4th Cir. 1993).

[7]The admissions were reported on petitioner's amended Federal income tax returns (Form 1040X) in the section entitled "Part II Explanation of Changes to Income, Deductions, and Credits".

amended returns indicate that petitioner did not keep adequate business records and that his inadequate record keeping constitutes an indicium of fraud. Niedringhaus v. Commissioner, 99 T.C. at 211 (1992).

"The sophistication, education, and intelligence of the taxpayer are relevant to determining fraudulent intent." Sadler v. Commissioner, 113 T.C. 99, 104 (1999); see Niedringhaus v. Commissioner, supra at 211; see Scallen v. Commissioner, T.C. Memo. 1987-412, affd. 877 F.2d 1364 (8th Cir. 1989). Throughout the years in issue, petitioner was an attorney, and we may consider this fact in deciding whether petitioner acted with fraudulent intent. Petitioner began his legal career as an Assistant United States Attorney, charged with the duty to enforce the laws of the United States. After serving as an Assistant United States Attorney, petitioner engaged in private practice as a criminal defense lawyer. We conclude that petitioner's professional experiences provided him with knowledge that engaging in a pattern of consistently failing to report significant amounts of income is unlawful and that he has a legal obligation to accurately report income.

Petitioner contends that a section 6663(a) penalty should not be levied against him for his 1990 taxable year. We conclude that petitioner's contention is without merit. Petitioner pleaded guilty to an attempt to evade or defeat tax pursuant to

section 7201[8] for 1990.  As a former Federal prosecutor and criminal defense lawyer, he should have been aware of the implications of such a plea agreement.  Moreover, because petitioner pleaded guilty to an attempt to evade or defeat tax pursuant to section 7201, he is collaterally estopped from challenging respondent's determination that there was an underpayment for his 1990 taxable year due to fraud under section 6663(a).  See Kisting v. Commissioner, 298 F.2d 264, 272 (8th Cir. 1962) (not reversible error for the Court to admit taxpayer's nolo contendere plea into evidence), affg. T.C. Memo. 1961-3; DiLeo v. Commissioner, 96 T.C. 858, 885-886; Stone v. Commissioner, 56 T.C. 213, 221 (1971); Moore v. Commissioner, T.C. Memo. 2001-77; see also Knoff v. Commissioner, T.C. Memo. 1992-624.

Based on the foregoing, we hold that respondent has clearly and convincingly established that petitioner is liable for penalties for fraud under section 6663(a) for the taxable years in issue.  Because section 6663(a) applies, we need not address respondent's alternative argument under section 6662(a).  As

---

[8]SEC. 7201.  ATTEMPT TO EVADE OR DEFEAT TAX.

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

noted, <u>supra</u>, petitioners do not contest respondent's nonfraud deficiency determinations.[9]  Additionally, petitioners contended in their petitions that several alleged overpayments and a refund should be applied against their liabilities in both their deficiency case and in their levy case.  We address those contentions in the portion of this opinion addressing their levy case below.

<u>The Levy Case at Docket No. 9452-00L</u>

The issue we must decide in the case at docket No. 9452-00L is whether respondent may proceed with the collection of petitioners' tax liabilities for the years in issue pursuant to section 6330.

The two notices of determination address self-reported liabilities, as well as accrued interest and statutory additions to tax, for petitioners' 1989, 1990, 1991, 1992, 1993, and 1996 taxable years.  The two notices of determination do not address the deficiencies and penalties in the case at docket No. 7464-00.

Petitioners contend that respondent should have credited an alleged refund and several alleged overpayments against the liabilities for the years in issue.  Petitioners allege that there was an overpayment of Federal income tax for their 1992

---

[9]We note that respondent made adjustments to petitioners' capital gain and dividend income in the notice of deficiency, reallocating income between those two categories.  Petitioners did not contest this issue and it is deemed to be conceded.  See Rule 34(b)(4); <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 n.4 (2001).

taxable year of $3,126.40. Petitioners also allege that a $2,564 refund was due for their 2001 taxable year, and that respondent applied that refund against the deficiencies in the instant case. Petitioners further allege that respondent notified them in a letter, dated March 28, 2002, that a $4,215 overpayment had been applied against the deficiencies in their 1991, 1992, and 1993 taxable years.

Respondent's notice of determination indicated that the liabilities shown on the final notice of intent to levy for petitioners' 1992 taxable year were based on their tax returns. Respondent's final notice of intent to levy showed that petitioners' liabilities for their 1992 taxable year totaled $2,365.11, which reflects an assessed balance of $1,968.42 and statutory additions of $396.69. The Appeals officer's supporting statement and the notice of determination indicate that those liabilities consisted of interest that had accrued on taxes reported on petitioners' original and amended returns. The Appeals officer also indicated that "Generally, the taxpayer full [sic] paid the tax but has not paid the interest." Petitioners reported a tax liability of $42,714.42 on their final amended 1992 tax return, and petitioners have paid at least that amount for their 1992 taxable year. However, the April 4, 2000 notice of deficiency indicates that the income tax for petitioners' 1992 taxable year was $39,498.02. Respondent did not determine a deficiency in income tax for that year.

Respondent issued the notice of deficiency on April 4, 2000, and the two notices of determination on August 8, 2000.  When respondent issued the two notices of determination, respondent was aware that petitioners' income tax for their 1992 taxable year was $39,498.02.  Respondent's records show that petitioners paid at least $42,714.42 for their 1992 taxable year, and, therefore, petitioners overpaid their taxes by $3,216.40 for their 1992 taxable year.

We conclude from our analysis of respondent's records that the Appeals officer did not properly consider petitioners' payments for the 1992 taxable year against their liabilities in issue which respondent seeks to collect.  Petitioners may challenge the existence or amount of their underlying tax liability pursuant to section 6330(c)(2)(B),[10] which includes their "self-assessed" liabilities reported on their amended returns.  Montgomery v. Commissioner, 122 T.C. __ (2004)(slip op. at 11-12).  Consequently, we remand the instant case to the Appeals officer to credit petitioners' $3,216.40 payment against the liabilities in issue.

_____

[10]Sec. 6330(c)(2)(B) provides:

    (B)  Underlying liability.--The person may also raise at the
         hearing challenges to the existence or amount of the
         underlying tax liability for any tax period if the
         person did not receive any statutory notice of
         deficiency for such tax liability or did not otherwise
         have an opportunity to dispute such liability.

Petitioners additionally contend that the $2,564 refund claimed on their Form 1040 for their 2001 taxable year should be applied against their liabilities in the instant case. Petitioners also contend that an alleged overpayment of $4,215.41 should be applied against their tax liabilities. Petitioners attached a document to their brief, purportedly from the Internal Revenue Service, dated March 28, 2002, which indicated that an overpayment of $4,215.41 was applied against the deficiencies in their 1991, 1992, and 1993 taxable years. The document does not indicate the year to which the alleged overpayment relates.

Petitioners' 2001 Form 1040 and the March 28, 2002, letter are not part of the record in this fully stipulated case. See Rule 91(e). We shall not examine documents that are not part of the record. Accordingly, petitioners' overpayment and refund claims are unsubstantiated.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent in docket No. 7464-00</u>.

<u>An appropriate order will be issued in docket No. 9452-00L</u>.