T.C. Memo. 2013-89

UNITED STATES TAX COURT

HENRY OMOZEE AND JUSTINA OGBOE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9463-09.                          Filed April 2, 2013.

Henry Omozee and Justina Ogboe, pro se.

<u>Michele A. Yates</u>, <u>Jonathan M. Hauck</u>, <u>Joy E. Gerdy Zogby</u>, and <u>Nancy C.</u>
<u>Carver</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  On February 9, 2009, respondent (the IRS) issued to

Henry Omozee and Justina Ogboe (the petitioners) a statutory notice of deficiency

for tax year 2004.  The notice determined that the petitioners were liable for an

[*2] income-tax deficiency of $42,354 and a section-6663[1] fraud penalty of $31,765.50.

The issues for decision are: (1) whether the notice of deficiency was issued after the period for assessment had expired; (2) whether the petitioners had unreported income of $141,810; and (3) whether the petitioners are liable for a fraud penalty under section 6663.

We have jurisdiction, pursuant to section 6214, to redetermine the deficiency and the penalty determined in the notice of deficiency. See sec. 6214(a).

FINDINGS OF FACT

Some of the facts have been deemed admitted for purposes of this case in accordance with Rule 91(f).[2] We incorporate these facts into our findings by this

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]On February 7, 2011, the IRS filed a motion to show cause why proposed facts in evidence should not be accepted as admitted under Rule 91(f). Attached to the motion were a proposed stipulation of facts and Exhibits 1-J through 6-J. By order dated February 10, 2011, this Court ordered that the petitioners file a response to the IRS's motion in accordance with Rule 91(f)(2) on or before March 14, 2011. On March 14, 2011, the petitioners filed a response to the February 10 order. By order dated March 15, 2011, this Court found the petitioners' response did not comply with Rule 91(f)(2). By that same order, this Court made the order to show
(continued...)

[*3] reference. Henry Omozee and Justina Ogboe were married and resided in Virginia when the petition was filed.

Omozee is a certified public accountant with a valid license in Virginia. During tax year 2004 he was self-employed as a tax preparer doing business as Henry Omozee, C.P.A., a sole proprietorship. He worked out of offices in Alexandria and Woodbridge, Virginia. Omozee's clients paid him fees in exchange for his tax-preparation services.

Many of Omozee's clients participated in a Refund Anticipation Loan ("RAL") process,[3] which allows a taxpayer to receive an anticipated refund more quickly than if the refund was issued directly to the taxpayer by the IRS. The RAL transactions entered into by Omozee and his clients were facilitated by Santa Barbara Bank and Trust of California ("Santa Barbara Bank"). The RAL process works as follows: (1) the client signed an RAL form which Omozee submitted to Santa Barbara Bank for approval; (2) if it approved the RAL, Santa Barbara Bank

---

[2](...continued) cause under Rule 91(f) absolute and deemed admitted the facts and evidence set forth in the IRS's proposed stipulation of facts.

[3]At trial and in written submissions to the Court, the IRS refers to this process as a "Rapid Anticipation Loan process". On the basis of descriptions of the transactions, however, we believe the IRS meant to refer to "Refund Anticipation Loans".

**[*4]** paid to the client a sum equal to the amount of his or her anticipated refund, less the amounts of its fee and Omozee's fee; (3) after the IRS has processed the return, it paid Santa Barbara Bank the refund amount owed to the client; (4) Santa Barbara Bank retained the refund as repayment for the funds it had issued to the client in anticipation of the refund; (5) Santa Barbara Bank paid over to Omozee his portion of the fees withheld from its payments to Omozee's clients. The payments from Santa Barbara Bank to Omozee are referred to here as RAL fees.

Since the 2001 tax year Omozee has handled the tax returns of approximately 1,000 individuals per year. Almost all of Omozee's clients received refunds. A revenue agent examined the returns of 20 of Omozee's clients. Nineteen of the twenty clients admitted that many of the deductions claimed on Schedule-A, Itemized Deductions, and Schedule-C, Profit or Loss From Business, of their returns were false. After their examinations were resolved, 19 of the 20 clients ended up owing money to the IRS, some in substantial amounts.

During the 2001 through 2003 tax years (the three tax years before the year at issue) Omozee failed to report on his income-tax returns all the income he received from his clients. Omozee did not attach a Schedule C to his 2001 or 2002 return, although he received business income that should have been reported on a

[*5] Schedule C. Omozee received $25,780 of unreported income in 2001 and $98,063 of unreported income in 2002. Omozee attached a Schedule C to his income-tax return for 2003, reporting $40,000 in gross income. However, he received an additional $166,262 in income during 2003 that he did not report on his 2003 return.

Omozee was the defendant in the criminal case of United States v. Omozee, Criminal No. 1:08-mj-00115-TRJ (E.D. Va. filed Feb. 22, 2008). On August 21, 2008, Omozee was found guilty of three counts of making and subscribing false tax returns for tax years 2001, 2002, and 2003.

Omozee did not maintain a separate bank account for his business. During 2004 he maintained three accounts at Wachovia Bank: (1) checking account No. XXXXXXX1009, (2) checking account No. XXXXXXX4149, held jointly with Ogboe, and (3) money market account No. XXXXXXX6532, held jointly with Ogboe. Revenue Agent Tammy Barker conducted a bank deposit analysis for 2004 of these three accounts. In conducting her analysis, Barker took into account nontaxable transfers between accounts. Barker's bank deposit analysis indicated that Omozee deposited $127,280 in RAL fees and additional unexplained income of $14,530 and did not report these amounts on petitioners' 2004 return.

**[*6]** During tax year 2004 Ogboe was employed by Sunrise Continuing Care, Inc. She earned $10,007.28 in wages during 2004, and her income was reported on petitioners' joint return.

On February 21, 2006, the petitioners filed a joint income-tax return for 2004. Schedule C of that return listed gross receipts from Omozee's "finance accounting" business of $121,000.

On February 9, 2009, the IRS issued to the petitioners a notice of deficiency for tax year 2004. The notice determined that the petitioners failed to report $127,280 in RAL fees and $14,530 in other Schedule-C gross receipts on their return. The notice determined that, as a result of this underreporting of Schedule-C gross receipts, the petitioners had a deficiency in tax of $42,354.[4] The notice also determined that the petitioners were liable for a section-6663 fraud penalty of $31,765.50.

On April 20, 2009, the petitioners filed a petition with the Tax Court disputing the determinations in the notice of deficiency.

---

[4]The notice also made computational adjustments to the student loan interest deduction, self-employment tax, and itemized deductions.

[*7]                              OPINION

I.      Period of Limitations

A notice of deficiency must be issued before the IRS can assess a deficiency in income tax. Sec. 6213(a). Therefore any notice of deficiency must be issued during the period the IRS can assess the tax. The petitioners allege that the period for assessing tax expired before the notice of deficiency was issued.

The general rule is that the IRS must assess tax within three years of the date a taxpayer filed the return. There is a special rule for a "false or fraudulent return with the intent to evade tax". Sec. 6501(c). If such a return is filed, the IRS may assess the tax at any time. Id. We need not decide whether this special rule applies to the petitioners' 2004 return. Their return was filed on February 21, 2006.[5] The notice of deficiency was issued on February 9, 2009, less than three years later. Therefore the notice was timely.

II.     Deficiencies in Tax

Generally, a taxpayer bears the burden of proving the IRS's determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491 does not shift the burden of proof to the IRS with respect to the

---

[5]The petitioners' return was dated April 15, 2005. However, the stipulation of facts, deemed established by this Court's March 15, 2011 order, specifies that the return was filed on February 21, 2006.

[*8] determinations because the petitioners have neither alleged that section 7491 is applicable nor established that they complied with the requirements of section 7491(a)(2)(A) and (B) to introduce credible evidence to substantiate items, maintain required records, and fully cooperate with the IRS's reasonable requests.

The U.S. Court of Appeals for the Ninth Circuit in Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), held that for the IRS to prevail in a case involving unreported income, there must be some evidentiary foundation linking the taxpayer to the alleged income-producing activity.[6] The government alleges that Omozee earned unreported income from tax-preparation services and facilitating RALs. Omozee acknowledged that he was engaged in these activities.

A bank-deposit analysis indicated that the petitioners failed to report $127,280 in RAL fees and additional income of $14,530. The summary of the bank-deposit analysis is in the record. The revenue agent who conducted the bank-deposit analysis testified at trial. The petitioners allege that the bank-deposit analysis failed to take into account certain transfers between the petitioners'

---

[6]Although the U.S. Court of Appeals for the Fourth Circuit has not expressly adopted or rejected the requirement of Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), the Tax Court has applied the requirement in cases like this one that are appealable in the Fourth Circuit. See, e.g., Dunne v. Commissioner, T.C. Memo. 2008-63, slip. op. at 43-44.

**[\*9]** accounts. However, the revenue agent testified credibly that the bank-deposit analysis did take into account interaccount and other nontaxable transfers. The summaries of the bank-deposit analysis confirm that interbank transfers were taken into account. The petitioners have not satisfied their burden of proving that the IRS's determinations were incorrect.

III.    Penalties

Section 6663 imposes a 75% penalty on the portion of any underpayment due to fraud. Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Miller v. Commissioner, 94 T.C. 316, 332 (1990). The IRS has the burden of proving by clear and convincing evidence that an underpayment exists for the year in issue and that some portion of the underpayment is due to fraud. Sec. 7454(a); Rule 142(b); see also sec. 6663(b). To meet this burden, the IRS must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), aff'g T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The IRS need not prove the precise amount of the underpayment resulting from fraud, but only that some part of the underpayment of tax for each year in issue is attributable to fraud. Lee v. United

**[\*10]** <u>States</u>, 466 F.2d 11, 16-17 (5th Cir. 1972); <u>Plunkett v. Commissioner</u>, 465 F.2d 299, 303 (7th Cir. 1972), <u>aff'g</u> T.C. Memo. 1970-274.

The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  <u>Estate of Pittard v. Commissioner</u>, 69 T.C. 391 (1977); <u>Gajewski v. Commissioner</u>, 67 T.C. 181, 199 (1976), <u>aff'd without published opinion</u>, 578 F.2d 1383 (8th Cir. 1978).  Fraud is not to be imputed or presumed, but rather must be established by some independent evidence of fraudulent intent.  <u>Beaver v. Commissioner</u>, 55 T.C. 85, 92 (1970); <u>Otsuki v. Commissioner</u>, 53 T.C. 96 (1969).  However, fraud may be proved by circumstantial evidence and reasonable inferences drawn from the facts because direct proof of the taxpayer's intent is rarely available.  <u>Spies v. United States</u>, 317 U.S. 492 (1943); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111; <u>Stephenson v. Commissioner</u>, 79 T.C. 995 (1982), <u>aff'd</u>, 748 F.2d 331 (6th Cir. 1984).  The taxpayer's entire course of conduct may establish the requisite fraudulent intent.  <u>Stone v. Commissioner</u>, 56 T.C. 213, 223-224 (1971); <u>Otsuki v. Commissioner</u>, 53 T.C. at 105-106.  The intent to conceal or mislead may be inferred from a pattern of conduct.  <u>See</u> <u>Spies</u>, 317 U.S. at 499.  Circumstantial evidence that may give rise to a finding of fraud includes:  (1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) providing implausible or inconsistent

[*11] explanations of behavior; (5) concealment of assets; (6) failure to cooperate with taxing authorities; (7) filing false Forms W-4, Employee's Withholding Allowance Certificate; (8) failure to make estimated tax payments; (9) dealing in cash; (10) engaging in a pattern of behavior that indicates an intent to mislead; and (11) filing false documents. See Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Cooley v. Commissioner, T.C. Memo. 2004-49. Although no single factor is necessarily sufficient to establish fraud, a combination of several of these factors may be persuasive evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), aff'g per curiam T.C. Memo. 1982-603.

The petitioners' conduct implicates many of the factors listed above. The bank-deposit analysis demonstrated, clearly and convincingly, that the petitioners understated their income for 2004 by $141,810.[7] They also failed to report substantial amounts of income on their 2001, 2002, and 2003 returns. They filed their 2004 return approximately 10 months late. They failed to produce--to the IRS or to the Court--business records or other documentation showing how they calculated the income reported on their 2004 return. Omozee's explanations for his failure to report the deposits in question as income were incoherent and

---

[7]The same evidence demonstrates that an underpayment exists.

[*12] implausible. Omozee was found guilty of three counts of making and subscribing false tax returns. Furthermore, 19 out of twenty of Omozee's clients whose returns were audited admitted to claiming false Schedule-A and Schedule-C deductions on returns that Omozee prepared. For these reasons, we find that the petitioners acted with fraudulent intent in filing their 2004 income-tax return. Consequently, they are liable for the 75% section-6663 fraud penalty as determined in the notice of deficiency.

In reaching our decision, we have considered all arguments made by the parties. Contentions not addressed herein we find to be meritless, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.